**Order filed June 6, 2013**



In The

# Elebenth Court of Appeals

_____

## No. 11-12-00326-CR
_____

### AMMIE LUCILLE SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CR137834**

**O R D E R**

Prior to trial, Ammie Lucille Smith filed an affidavit regarding indigence that indicated she had income of almost $2,000 per month. The trial court appointed an attorney to represent Smith at trial. After trial, Smith's court-appointed counsel filed a timely notice of appeal and a motion to withdraw as counsel. Counsel informed the trial court that Smith consented to the motion and that Smith had requested that counsel withdraw. The trial court permitted Smith's counsel to withdraw. The trial court did not appoint counsel for appeal.

When this court notified Smith that her brief was due, we received a pro se response indicating that Smith had contacted the trial court regarding the appointment of an attorney and that she needed time to find an attorney. On March 21, 2013, we abated this appeal, notified Smith of the abatement, and remanded the cause to the trial court so that it could conduct a hearing to determine the following: whether Smith was indigent and, if so, desired to have counsel appointed for appeal or represent herself; whether Smith had retained counsel; and whether Smith wished to prosecute this appeal.

Upon remand, the trial court set the cause for a hearing, and the county clerk duly notified Smith of the hearing. Smith, however, failed to appear for the hearing. Consequently, the trial court was unable to make any of the determinations that this court requested it make. Nothing in the record from the trial court indicates that Smith is currently indigent or that she has requested that counsel be appointed. In her pro se correspondence filed in this court on March 15, 2013, Smith indicated that she needed time to find an attorney. We have not heard from Smith since that date.

Per our March 21 order, Smith's brief is due to be filed in this court within thirty days after the date the appeal was reinstated, which was May 31, 2013, making Smith's brief due in this court on or before July 1, 2013. If an appellant's brief is not filed at that time, this court may consider the appeal without briefs. *See* TEX. R. APP. P. 38.8(b).

PER CURIAM

June 6, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2